1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7   ASHLEY M. CLEVENGER,

8                        Plaintiff,

9        v.

10  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security
11  Administration,

12                       Defendant.

NO: 12-CV-0553-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

13

14    BEFORE THE COURT are the parties' cross motions for summary

15  judgment (ECF Nos. 14 and 16).  Plaintiff is represented by Maureen J. Rosette.

16  Defendant is represented by Nancy A. Mishalanie.  This matter was submitted for

17  consideration without oral argument.  The Court has reviewed the administrative

18  record and the parties' completed briefing and is fully informed.  For the reasons

19  discussed below, the Court grants Defendant's motion and denies Plaintiff's

20  motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

1  court "may not reverse an ALJ's decision on account of an error that is harmless."

2  *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

3  ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

4  The party appealing the ALJ's decision generally bears the burden of establishing

5  that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

6  FIVE-STEP SEQUENTIAL EVALUATION PROCESS

7       A claimant must satisfy two conditions to be considered "disabled" within

8  the meaning of the Social Security Act.  First, the claimant must be "unable to

9  engage in any substantial gainful activity by reason of any medically determinable

10  physical or mental impairment which can be expected to result in death or which

11  has lasted or can be expected to last for a continuous period of not less than twelve

12  months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

13  "of such severity that he is not only unable to do his previous work[,] but cannot,

14  considering his age, education, and work experience, engage in any other kind of

15  substantial gainful work which exists in the national economy." 42 U.S.C. §

16  1382c(a)(3)(B).

17       The Commissioner has established a five-step sequential analysis to

18  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

19  404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

20  considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    defined generally as the claimant's ability to perform physical and mental work

2    activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3    404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4    analysis.

5          At step four, the Commissioner considers whether, in view of the claimant's

6    RFC, the claimant is capable of performing work that he or she has performed in

7    the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

8    416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10   404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

11   analysis proceeds to step five.

12         At step five, the Commissioner considers whether, in view of the claimant's

13   RFC, the claimant is capable of performing other work in the national economy.

14   20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

15   the Commissioner must also consider vocational factors such as the claimant's age,

16   education and work experience.  *Id.*  If the claimant is capable of adjusting to other

17   work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

18   404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

19   work, the analysis concludes with a finding that the claimant is disabled and is

20   therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on August 14, 2009.  Tr. 119-26, 193.  These applications were denied initially and upon reconsideration and a hearing was requested.  Tr. 82-88, 94-99.  A hearing was held before an Administrative Law Judge on December 14, 2010.  Tr. 43-65.  The ALJ rendered a decision denying Plaintiff benefits on April 7, 2011.  Tr. 21-30.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through September 30, 2009.  Tr. 23.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 12, 2008, the alleged onset date.  Tr. 23.  At step two, the ALJ found that Plaintiff had severe impairments, but, at step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment.  Tr. 23–24.  The ALJ determined Plaintiff had the residual functional capacity to:

> perform a full range of work at all exertional levels. The claimant is able to understand, remember, and complete simple three step tasks. The claimant's concentration, persistence, or pace is occasionally impaired, but not impaired to the extent that it would preclude the performance of three step tasks. The claimant is able to have superficial interactions in the workplace, and she would benefit from additional time learning new work tasks.

Tr. 25-26.  At step four, the ALJ found that Plaintiff was able to perform her past relevant work as an assembler one of lighting fixtures, sales clerk of food, molding machine tender, folding machine operator, and trimmer helper.  Tr. 29-30.  The ALJ concluded that Plaintiff was not disabled and denied her claims on that basis. Tr. 30.

The Appeals Council denied Plaintiff's request for review on August 14, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUE

Plaintiff raises one issue for review; whether the ALJ properly considered and rejected the opinion of John Arnold, Ph.D.  ECF No. 14 at 10-13.

DISCUSSION

Plaintiff contends that she was more limited from a psychological standpoint than what was determined by the ALJ.  ECF No. 14 at 10.  Dr. Arnold evaluated Plaintiff on three occasions and also provided her limited counseling services (infrequent) at the CHAS Clinic.  Thus, Plaintiff asserts that as her treating

1  therapist, Dr. Arnold's opinion should have been afforded greater weight than the

2  opinions of other physicians.  *Id.* at 11.

3       A treating physician's opinions are entitled to substantial weight in social

4  security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

5  (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted,

6  an ALJ may reject it only by offering "clear and convincing reasons that are

7  supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

8  Cir. 2005).  "However, the ALJ need not accept the opinion of any physician,

9  including a treating physician, if that opinion is brief, conclusory and inadequately

10  supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation

11  omitted).  "If a treating or examining doctor's opinion is contradicted by another

12  doctor's opinion, an ALJ may only reject it by providing specific and legitimate

13  reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d

14  at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

15       Dr. Arnold assessed marked limitations in Plaintiff's ability to learn new

16  tasks, in her ability to relate appropriately to co-workers and supervisors, and in

17  her ability to communicate and perform effectively in a work setting with public

18  contact.  Tr. 27.  The Court observes that Dr. Arnold estimated that Plaintiff would

19  only be impaired to this extent for 3 to 6 months.  Tr. 552.  The ALJ gave little

20  weight to Dr. Arnold's opinion because his opinion is inconsistent with the

1    claimant's activities, which include working at Goodwill, living with her mother

2    including having lived at the Marion House[1] with other women, playing games,

3    doing crossword puzzles, driving, doing chores, cooking, and running errands.  Tr.

4    27-28.  Further, the ALJ determined that Dr. Arnold's opinion was contradicted by

5    the opinion of examining psychologist Samantha Chandler, Psy.D. and State

6    agency reviewing experts, Rita Flanagan, Ph.D., and Mary Gentile, Ph.D., who

7    each found Plaintiff could follow simple instructions and interact at least

8    superficially with others in the workplace.  Tr. 28.

9        Plaintiff's interpretation of the evidence is insufficient to require this Court

10   to reverse the ALJ's decision when that decision is supported by substantial

11   evidence and the ALJ gives specific and legitimate reasons for discounting

12   Plaintiff's treating therapist's opinion.

13       The ALJ discussed all the evidence and concluded; "the above residual

14   functional capacity assessment is supported by objective medical evidence of the

15   record and the opinions of Dr. Flanagan, Dr. Gentile, and Dr. Chandler, and the

16   partial opinions of Dr. Dalley and Dr. Arnold."  Tr. 29.  The Court has reviewed

17   the record and substantial evidence supports the ALJ's conclusions.

18

19

20   ───────────────
     [1]   Also referred to as Myriam's House.  Tr. 550.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

**IT IS HEREBY ORDERED:**

    1.  Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

    2.  Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** July 30, 2013.



THOMAS O. RICE
United States District Judge